DANZIG and others *v.* GUMERSELL and others.[1]

*(Circuit Court, E. D. Missouri.* March 31, 1886.)

1. COMPOSITION WITH CREDITOR—FAILURE TO COMPLY WITH TERMS.
    Where, by the terms of a composition agreement, the creditors agree to accept notes indorsed by a particular person, and that person dies, they are not bound to accept any other indorser.

2. SAME—ESTOPPEL.
    Where, in such a case, the debtor wrote to his creditors notifying them of the death of the proposed indorser, and suggesting B. as a substitute, and closed his letter as follows: "Should you deem his indorsement sufficient, please advise me promptly:" *held,* that a creditor who did not signify his intention until notes indorsed by B. had been accepted by the other creditors, was not bound to accept such notes, and, having refused to do so, is at liberty to sue on his original cause of action.

At Law.

*E. Cunningham, Jr.,* for plaintiffs.

*George M. Stewart,* for defendants.

BREWER, J., *(orally.)* In the case of *Danzig and others* against *Gumersell and others,* an action on three notes, the defense is a composition agreement, signed by the creditors of Gumersell. The facts are these: The defendants, merchants in this city, becoming embarrassed, arrangements were entered into for a composition and a discharge upon giving notes to the amount of 50 per cent.; and an agreement was prepared and signed by substantially all, if not all, the creditors, which agreement was that the creditors would take five notes, amounting to 50 per cent. of their debts, payable in 3, 6, 9, 12, and 15 months, indorsed by Turnbull & Gumersell, of Newark, New Jersey. Plaintiffs signed that composition agreement. After it was signed, Gumersell, of the firm of Turnbull & Gumersell, died. That was on the ninth of March. On the same day a circular letter was sent to all of the creditors, announcing the fact of the death, and proposing that Alexander Turnbull, who belonged to the firm of Turnbull & Gumersell, should indorse in place of Turnbull & Gumersell. After referring to some parties from whom information could be obtained as to the financial responsibility of Mr. Turnbull, the letter closed with these words: "Should you deem his indorsement sufficient, please advise me promptly." That letter was mailed to all the creditors on the ninth of March. The plaintiffs made no reply. On the nineteenth or twentieth of March, notes were prepared and indorsed by Alexander Turnbull for all of the debts. They were presented to one and another of the creditors, and by them accepted. They were presented to the plaintiffs, and by them declined, and thereafter this action was brought on the original notes of Gumersell & Bro.

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.

It is claimed that there was a composition agreement executed, which, of course, would bar an action on these notes. If not executed, the conduct of the plaintiffs, it is claimed, was such as to estop them from denying the composition agreement; and, if true, that would be a bar; for it is well settled that a creditor, although not formally putting his name to a composition agreement, may sometimes, by his conduct inducing other creditors to enter into the composition, be estopped from denying that he himself is a party to it.

Was there a composition agreement executed? The agreement which was signed was to accept the notes of the defendant indorsed by Turnbull & Gumersell. No such notes were ever prepared or presented, and, indeed, could not be, Mr. Gumersell having died. The written agreement was therefore never carried into effect. Plaintiffs, when the notes indorsed by Alexander Turnbull were presented, declined to accept. They thereafter, neither by the written agreement nor by any parol acceptance, executed any composition agreement.

Was their conduct such as to estop them? Of course, as I said, if a creditor induces other creditors to sign a composition agreement upon the faith that he is a party to it, or that he will become a party to it, he may be estopped thereafter to deny that he is a party to it, for it would be a fraud upon the other creditors, who have relied upon his actions. But is there any conduct on the part of the plaintiffs to estop them? They signed the agreement that failed. It was no fault of theirs. They never, by word or act, indicated to any party, creditor or debtor, that they would take notes indorsed by Alexander Turnbull alone. The letter which was sent to them closes as I said, —"Should you deem his indorsement sufficient, please advise me promptly." No answer was returned to this. Silence implied a denial, for if they deemed his indorsement sufficient they were to answer, and not answering implied it was not sufficient. The case might be different if the tenor of the letter had been different. If the inquiry had been, "If you deem this insufficient, please advise promptly," and they had not answered, there might then be a basis for saying that the parties were misled, relying on the silence as an assent to the sufficiency of the proposed new indorsement. It seems to me, therefore, it cannot be held that there was ever a composition agreement in fact, or that plaintiffs in any way conducted themselves so as to estop them from denying any agreement, or from a recovery upon the original notes, and judgment will be so ordered.